<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ALAN DUPREE GARRETT, | : | |
| | : | CIV. NO. 21-7798 (RMB-KMW) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

BUMB, DISTRICT JUDGE

This matter comes before the Court upon Plaintiff's civil complaint for money damages, alleging he was unlawfully imprisoned. (Compl., Dkt. No. 1.) The Court takes judicial notice under Federal Rule of Evidence 201(b) that on November 17, 2020, the Honorable Noel L. Hillman, in Civil Action No. 20-12904, dismissed Plaintiff's <u>Bivens</u> complaint pursuant to the three strikes rule in 28 U.S.C. § 1915(g), finding Plaintiff had at least three qualifying prisoner cases dismissed after they were brought without prepayment of the filing fees under 28 U.S.C. § 1915. <u>Garrett v. United States</u>, No. CV2012904NLHJS, 2020 WL 6739542, at *2 (D.N.J. Nov. 17, 2020). Nevertheless, "a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." <u>Brown v. Sage</u>, 941 F.3d 655, 660 (3d Cir. 2019), <u>cert. denied</u>, 140 (2020). Therefore, in lieu of addressing Plaintiff's IFP application, the Court will *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), based on sovereign immunity of the United States and because the claims are frivolous.

I.       *SUA SPONTE* DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II.      THE COMPLAINT

The United States of America is the only defendant to this action where Plaintiff seeks damages for his alleged unlawful imprisonment arising out of United States v. Garrett, Criminal Action No. 11-242 (JBS) (D.N.J.)[1] Plaintiff alleges his conviction was unlawful because his name was misspelled in the criminal proceedings. Not only is the United States immune from a Bivens claim for money damages, but the claim is frivolous. See F.D.I.C. v.

---

[1] Available at www.pacer.gov. The Court takes judicial notice pursuant to Federal Rule of Evidence 201(b) that Plaintiff pled guilty to possession of a firearm by a convicted felon, and was sentenced to a 77-month term of imprisonment and a 3-year term of supervised release on January 26, 2012, by the Honorable Jerome B. Simandle. (Dkt. No. 29.) Thereafter, Plaintiff violated the terms of his supervised release, and his supervised release was revoked on December 12, 2016 (Dkt. No. 54), and again on December 1, 2017 (Dkt. No. 89) and once again on November 16, 2018. (Dkt. No. 120). Plaintiff is no longer in custody for in this matter.

Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit") (citations omitted); see United States v. Fawcett, 115 F.2d 764, 767 (3d Cir. 1940) ("An indictment, then, is an accusation of a person of crime. It is an accusation against a person, and not against a name. A name is not of the substance of an indictment.")

III.   CONCLUSION

The Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

An appropriate Order follows.

DATE:   **September 10, 2021**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**